**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YURY GRENADYOR, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>7-ELEVEN, INC., a Texas corporation,<br><br>    Defendant. | Case No.: 1:21-cv-4515<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff YURY GRENADYOR, individually, and on behalf of all others similarly situated ("Plaintiff") for his Class Action Complaint against Defendant 7-ELEVEN, INC. ("Defendant" or "7-Eleven"), alleges, based upon personal knowledge with respect to his own experiences and on information, belief, investigation of counsel and review of public documents as to all other matters, as follows.

## NATURE OF THE ACTION

1. This is a nationwide consumer class action against 7-Eleven for sending unsolicited telemarketing text messages to consumers' cellular telephones registered on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200, using automatic telephone dialing systems ("ATDS") in violation of 47 U.S.C. § 227(b).

2. Plaintiff also brings claims under the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1, *et seq.* ("IATDA"), on behalf of a subclass of persons who received text messages prohibited by the Illinois law.

3. 7-Eleven did not obtain the prior express consent of Plaintiff or Class members

before sending the unsolicited text messages that form the basis of their claims.

4. Plaintiff brings this lawsuit to recover damages, equitable relief, injunctive relief, and to obtain redress on behalf of himself and Class members who were and are being targeted by 7-Eleven's unauthorized, negligent, knowing, and willful automated mass text messaging telemarketing campaigns causing actual harm to consumers.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a citizen of Illinois.

6. Defendant is a Texas corporation with its principal place of business in Texas.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8. In the alternative, 28 U.S.C.§ 1332(d) provides an independent basis for the Court's subject matter jurisdiction over the IATDA claims, as Plaintiff and Defendant are diverse and this case is brought as a class action under Fed. R. Civ. P. 23, the proposed class consists of 100 or more persons, and the amount in controversy exceeds $5,000,000, exclusive of costs.

9. The Court has specific personal jurisdiction over Defendant because Defendant directed and sent the text messages that form the basis of Plaintiff's claims to Plaintiff in Illinois. Defendant operates convenience stores and does business in this District, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10. Venue is proper because a substantial part of the events and omissions underlying Plaintiff's claims occurred in this District.

**FACTUAL BACKGROUND**

11. 7-Eleven operates a loyalty program known as 7Rewards. Loyal customers download an app that they use to scan at the register when purchasing goods to earn points that they can collect to apply towards other goods and services. According to 7-Eleven, users of the program are eligible for exclusive member deals.

12. The Privacy Policy applicable to the app's use indicates that 7-Eleven collects and shares significant personal and payment information of users for numerous purposes that benefit 7-Eleven, including to prevent fraud and crimes against 7-Eleven, to track customer transactions and use of the rewards program and analyze patterns of consumer behavior, to send advertisements to members, and any other lawful purpose.

13. In order to encourage consumers who have had no prior relationships or transactions with 7-Eleven to begin shopping there and using the app, 7-Eleven sent unsolicited, uninvited, and unconsented text messages to them promoting the app and 7-Eleven.

*7-Eleven Sent Unsolicited Text Messages to Plaintiff Out of the Blue*

14. Plaintiff has no recollection of ever shopping at 7-Eleven stores, purchasing goods from 7-Eleven, or having had any other kind of relationship with 7-Eleven.

15. Plaintiff never consented to or requested to receive text messages or any other form of communications from 7-Eleven, in writing or otherwise.

16. Plaintiff closely guards his privacy and the security of his contact and personal information. For example, Plaintiff customarily opts out of privacy options that seek permission to share his information with marketers or with affiliated companies when he deals with his banks, insurance companies, telephone companies, and other companies with whom he deals as a consumer, when prompted to consent to such arrangements. In addition, Plaintiff does not click on

3

suspicious links in suspicious emails or when he is online.

17. Because Plaintiff values his privacy and solitude from telemarketers, his phone number is registered on the National Do Not Call Registry and has been so registered since August 27, 2003.

18. On February 25, 2021, Plaintiff's cell phone beeped. It continued to beep intermittently until Plaintiff read the text messages. When Plaintiff responded to his cell phone, he observed two text messages, which were sent at 11:04 a.m., from the short code 711-711. The text messages read:

> Thank you for joining 7Rewards! Reply with your ZIPCODE to opt-in to SMS marketing and receive 800 points. STOP for STOP HELP for HELP.

19. Plaintiff did not and had never joined 7Rewards.

20. The text messages did not identify 7-Eleven, or anyone else, as the caller.

21. Plaintiff responded to each text message with "Stop" at 11:09 a.m. on February 25, 2021.

22. Plaintiff immediately received two additional text messages, stating:

> 7-Eleven: You're unsubscribed and will no longer receive messages. Ensure you requested to be unsubscribed from the # you opted in with.

23. In total, Plaintiff received at least four text messages from or on behalf of Defendant. These text messages were unsolicited and received by Plaintiff's phone number registered with the National Do Not Call Registry. Plaintiff suffered an invasion of his privacy, and expended time, effort, and resources to unsubscribe to the two unsolicited telemarketing text messages with the word "Stop" in an attempt to avoid receiving more text messages. Plaintiff has suffered tangible and intangible financial harm and emotional distress in that his personal, closely guarded information and privacy, including his phone number, was compromised and possibly

sold for commercial purposes.

*Defendant's Widespread Telemarketing Text Messaging Practices*

24. 7-Eleven's unsolicited telemarketing text messages to Plaintiff are part of a pattern of unlawful conduct. They were not isolated events. Online complaints abound on social media forums and illustrate that many consumers have been receiving unwanted, unexpected, and unsolicited text messages from 7-Eleven regarding its 7Rewards program.

25. For example, tweets to 7-ELEVEn, 7-Eleven's verified Twitter account, attest to the widespread violations of the TCPA:



5



26. Additional similar complaints are available from Reddit.com:







27. Defendant failed to obtain prior express consent—written or otherwise—to send text messages to Plaintiff or Class members. Prior express written consent is required for telemarketing text messages. Prior express written consent is defined as:

> [A]n agreement in writing, bearing the signature of the person called that clearly authorized the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(9).

28. Defendant sent the text messages to Plaintiff and Class members for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

29. Defendant used an ATDS, as that term is defined under 47 U.S.C. § 227(a)(1), when it sent the robotexts to Plaintiff and Class members. Defendant's text messages to Plaintiff's and Class members' cellular phones were not for emergency purposes. Instead, they were for telemarketing purposes.

30. Defendant used equipment which has the "capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

31. Defendant sent the text messages using messaging platforms capable of transmitting thousands of automated text messages without any human involvement. The text message platforms used by Defendant had and have the present capacity and actually were used in one or more of the following ways: (1) to use a random or sequential number generator to produce telephone numbers to be dialed automatically; (2) to use a random or sequential number generator to store telephone numbers in the platform's database to be dialed at later time automatically; (3) to use a random or sequential number generator to select the order and frequency in which telephone numbers are dialed; and (4) to generate telephone numbers in a sequential order and, through an automated process, combine prerecorded text message content with the telephone number and deliver such text messages in sequential order.

32. Text messages, such as the ones made by Defendant to Plaintiff and Class members, are subject to the TCPA. *See* Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act (Nov. 18, 2016).

33. Any and all decisions, activity, marketing, and implementation for the text message calling procedures originated with or were approved by Defendant.

34. 47 C.F.R. § 64.1200(c)(2) prohibits telephone solicitations to telephone numbers on the National Do Not Call Registry. Defendant repeatedly violated this rule.

## CLASS ALLEGATIONS

35. <u>The 47 U.S.C. § 227(b) Class ("227(b) Class")</u>: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), on behalf of a nationwide class of similarly situated individuals defined as follows:

> All persons in the United States to whose telephone number Defendant or its agents placed one or more unsolicited text messages using an automatic

telephone dialing system, which was not made with the person's prior express written consent.

36. <u>The 47 U.S.C. § 227(c) Class ("227(c) Class")</u>: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of a nationwide class of similarly situated individuals defined as follows:

> All persons in the United States to whose telephone number Defendant or its agents placed more than one telemarketing text message within a 12-month period in which the text message was sent to a telephone number registered with the National Do Not Call Registry, which was not made with the person's prior express written consent.

37. <u>The Illinois Class</u>: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following Illinois class of similarly situated individuals:

> All persons in Illinois to whose telephone number Defendant or its agents placed one or more text messages in which the text message was sent to a telephone number using an autodialer, which was not made with the person's prior express request.

38. Excluded from the Classes are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest, and those entities' current or former officers and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the particular Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

39. Numerosity: Upon information and belief, the Classes consist of thousands of Class members. While only Defendant knows the precise number and identity of Class members, according to complaints available online and through social media, and because of the nature of the automated mass text messaging involved, it is reasonable to infer that thousands of persons

9

make up the Classes. Class members can easily be identified through Defendant's records, or by other means.

40. Commonality and Predominance: There are several questions of law and fact common to the claims of Plaintiff and Class members, which predominate over any individual issues, including:

    a. Whether Defendant sent text messages to the Class members (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular phone service;

    b. Whether Defendant sent text messages to Class members registered on the National Do Not Call Registry without obtaining the requisite prior express consent;

    c. Whether Defendant's automated text messages were placed with an autodialer in violation of the IATDA;

    d. Whether Defendant negligently, knowingly, or willfully engaged in conduct that violated the TCPA and IATDA;

    e. Whether Plaintiff and the Class members were damaged by Defendant's violations of the TCPA and IATDA, and the extent of damages for each instance in which the TCPA and IATDA were violated.

41. Typicality: Plaintiff's claims are typical of the claims of members of the Classes.

42. All claims are based on the same legal and factual issues. Plaintiff and Class members suffered the same tangible and intangible harms as a result of Defendant's uniform and widespread unlawful conduct.

43. Plaintiff received at least two text messages from Defendant to his cellular phone number within a 12-month period while it was registered on the National Do Not Call Registry.

44. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes, and has retained counsel competent and experienced in complex class actions, including TCPA class actions.

45. Plaintiff has no interest antagonistic to those of members of the Classes and Defendant has no defenses unique to Plaintiff.

46. The questions of law and fact common to the proposed Classes predominate over any questions affecting only individual members of the Classes.

47. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Classes to prosecute their claims individually. Class action relief is essential in order to compel Defendant to comply with the TCPA.

49. Based on Defendant's widespread and uniform misconduct, Defendant has acted on grounds generally applicable to the Class, thereby making both final injunctive and declaratory relief with respect to the Class as a whole appropriate. Additionally, Defendant's unlawful conduct alleged herein is substantially likely to continue in the future unless enjoined.

50. The trial and the litigation of Plaintiff's and Class members' claims are manageable.

### COUNT I
**Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the 227(b) Class)**

51. Plaintiff incorporates by reference paragraphs 1–50 as though fully stated herein.

52. Based on the allegations above herein, Defendant violated the TCPA, 47 U.S.C. §

227(b)(1), by placing non-emergency calls (including text messages) to the cellular telephone numbers of Plaintiff and members of the 227(b) Class using an ATDS without obtaining prior express written consent, or any other form of consent.

53. Plaintiff and 227(b) Class members suffered aggravation, stress, nuisance, and invasions of their privacy and their right to remain free from unwanted text messages and telemarketing solicitations.

54. Plaintiff and 227(b) Class members also suffered lost money in paying to receive the unwanted text messages and lost time responding to and reading the unwanted text messages, typing and sending stop messages to unsubscribe from the automated text messages, suffered a depleted battery life of their cellular phones which required them to replenish the charge of their phones using electricity they had to pay for, and the text message data was automatically stored on their devices, occupying and converting storage space that slowed down the processing speeds of their devices and which storage could have instead been used for purposes authorized or desired by Plaintiff and 227(b) Class members.

55. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the 227(b) Class are entitled to an award of actual damages or $500.00 in statutory damages for each and every violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the 227(b) Class members are entitled to an award of $1,500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

227(b)(3)(C).

58. Plaintiff and the 227(b) Class members are also entitled to and do seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the 227(c) Class)

59. Plaintiff incorporates by reference paragraphs 1–50 as though fully stated herein.

60. Based on the allegations herein, Defendant violated the TCPA, 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c)(2), by placing unsolicited telemarketing calls (including text messages) to the telephone numbers of Plaintiff and members of the 227(c) Class, even though those numbers were at all relevant times listed on the National Do Not Call Registry.

61. Plaintiff and 227(c) Class members received two or more text messages from or on behalf of Defendant in a 12-month period.

62. Defendant's text messages were telephone solicitations, as that term is defined in 47 C.F.R. § 64.1200(f)(15), because they were initiated and sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

63. Plaintiff and 227(c) Class members did not give prior express invitation, permission, or consent of any kind for Defendant to call them. Defendant had no established business relationship with Plaintiff or the other 227(c) Class members. Defendant is not a tax-exempt nonprofit organization.

64. Plaintiff and 227(c) Class members suffered aggravation, nuisance, and invasions of their privacy and their right to remain free from unwanted text messages and telemarketing solicitations. Plaintiff and 227(c) Class members also suffered lost money in paying to receive the unwanted text messages and lost time responding to and reading the unwanted text messages,

typing and sending stop messages to unsubscribe from the automated text messages, suffered a depleted battery life of their cellular phones which required them to replenish the charge of their phones using electricity they had to pay for, and the text message data was automatically stored on their devices, occupying and converting storage space that slowed down the processing speeds of their devices and which storage could have instead been used for purposes authorized or desired by Plaintiff and 227(c) Class members.

65. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the 227(c) Class are entitled to an award of actual damages or $500.00 in statutory damages, for each and every violation, whichever is greater, pursuant to 47 U.S.C. § 227(c)(3)(B).

66. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the 227(c) Class members are entitled to an award of $1,500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

68. Plaintiff and members of the 227(c) Class are also entitled to and do seek an injunction prohibiting Defendant and Defendant's agents from violating the TCPA, 47 U.S.C. § 227(c)(5)(A), 47 C.F.R. § 64.1200(c)(2), by placing unsolicited telemarketing calls (including text messages) to any telephone numbers on the National Do Not Call Registry.

**COUNT III**
**Violation of the Illinois Automatic Telephone Dialers Act**
**815 ILCS 305/1, *et seq*. ("IATDA")**
**(On Behalf of Plaintiff and the Illinois Class)**

69. Plaintiff incorporates by reference paragraphs 1–50 as though fully stated herein.

14

70. The equipment used by Defendant to deliver the text messages to Plaintiff and the Illinois Class members constituted an autodialer within the meaning of 815 ILCS 305/5(a). The device, machine, computer, or system used to send the text messages was and is capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

71. Defendant's text messages constituted recorded messages soliciting the sale of goods or services without live voice interaction.

72. Defendant violated the IATDA by playing prerecorded messages placed by an autodialer to Plaintiff's and Illinois Class members' telephone numbers.

73. Plaintiff and Illinois Class members did not give Defendant their prior consent, did not make any prior requests to be called, and were not in prior or existing business relationships with Defendant.

74. Plaintiff and Illinois Class members were injured as a result of receiving the unwanted, unsolicited, and invasive text messages within the meaning of the IATDA. Plaintiff and Illinois Class members suffered aggravation, nuisance, and an invasion of their privacy and their right to remain free from unwanted text messages and telemarketing solicitations. Plaintiff and Illinois Class members also suffered lost money in paying to receive the unwanted text messages and lost time responding to and reading the unwanted text messages, typing and sending stop messages to unsubscribe from the automated text messages, suffered a depleted battery life of their cellular phones which required them to replenish the charge of their phones using electricity they had to pay for, and the text message data was automatically stored on their devices, occupying and converting storage space that slowed down the processing speeds of their devices and which storage could have instead been used for purposes authorized or desired by Plaintiff and Illinois

Class members.

75. Plaintiff and Illinois Class members seek actual damages.

76. In addition, Plaintiff and Illinois Class members seek $500 in statutory damages per violation, pursuant to 815 ILCS 305/30(c-5).

77. Defendant's knowing conduct also constitutes an unlawful act under 815 ILCS 505/2Z, which provides Plaintiff a right of action under 815 ILCS 505/10a and pursuant to which Plaintiff and Illinois Class members seek actual damages, injunctive relief, and other remedies available thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for an Order as follows:

    a. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Classes defined herein;

    b. Designating each Plaintiff as representative of the respective Classes, and the undersigned counsel as Class Counsel;

    c. Entering judgment in favor of Plaintiff and the Classes and against Defendant;

    d. Awarding Plaintiff and the Classes actual damages, statutory damages, treble damages, and punitive damages, and all other forms of available relief;

    e. Entering an injunction enjoining Defendant from sending further unsolicited text messages and from engaging in the other unlawful conduct alleged herein;

    f. Awarding attorney's fees and costs, including interest thereon, as allowed by law; and

    g. Granting other relief as the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all counts so triable.

                                                Plaintiff YURY GRENADYOR, individually, and on behalf of all others similarly situated,

                                                By:  <u>/s/ Thomas A. Zimmerman, Jr.</u>
                                                         Thomas A. Zimmerman, Jr. (IL #6231944)
                                                         *tom@attorneyzim.com*
                                                          Sharon A. Harris
                                                         *sharon@attorneyzim.com*
                                                          Matthew C. De Re
                                                          *matt@attorneyzim.com*
                                                          Jeffrey D. Blake
                                                          *jeff@attorneyzim.com*
                                                          ZIMMERMAN LAW OFFICES, P.C.
                                                         77 W. Washington Street, Suite 1220
                                                         Chicago, Illinois 60602
                                                         Tel: (312) 440-0020
                                                         Fax: (312) 440-4180
                                                         www.attorneyzim.com

                                              *Counsel for Plaintiff and the Putative Classes*