## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YURY GRENADYOR, individually, and on behalf of all others similarly situated, | |
|         Plaintiff, | Case No.:  1:21-cv-04515 |
|         v. | District Judge Sharon Johnson Coleman |
| 7-ELEVEN, INC.,  a Texas corporation, | Magistrate Judge Susan E. Cox |
|         Defendant. | |

### <u>UPDATED JOINT STATUS REPORT</u>

1. **The Nature of the Case:**

The attorneys of record for each party, including the lead trial attorney.

For Plaintiff Yury Grenadyor:

Thomas A. Zimmerman, Jr. (Lead trial attorney)
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Tel:  (312) 440-0020
Fax:  (312) 440-4120

For Defendant 7-Eleven, Inc.:

Daniel M. Blouin (Lead trial attorney)
*dblouin@winston.com*
WINSTON & STRAWN LLP
35 West Wacker Drive 60601
Chicago, Illinois 60611
Tel:  (312) 558-7544
Fax:  (312) 558-5700

The nature of the claims asserted in the complaint and any counterclaims.

Plaintiff brings this case as a nationwide class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, alleging that Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200 by sending unsolicited and unwanted telemarketing text messages to Plaintiff's and Class members' phone numbers that were registered on the National Do-Not-Call Registry, and that Defendant violated 47 U.S.C. § 227(b) by sending such unsolicited telemarketing text messages using an Automatic Telephone Dialing System ("ATDS"). Plaintiff also alleges violations of the Illinois Automatic Telephone Dialers Act ("IATDA"), 815 ILCS 305/1, *et seq.*, based on the same conduct on behalf of an Illinois Subclass.

The major legal and factual issues in the case.

a.  Whether Defendant sent text messages to the Class members (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular phone service;

b.  Whether Defendant sent text messages to Class members registered on the National Do Not Call Registry without obtaining the requisite prior express consent;

c.  Whether Defendant's automated text messages were placed with an autodialer in violation of the IATDA;

d.  Whether Defendant negligently, knowingly, or willfully engaged in conduct that violated the TCPA and IATDA;

e.  Whether Plaintiff and the Class members were damaged by Defendant's violations of the TCPA and IATDA, and the extent of damages for each instance in which the TCPA and IATDA were violated.

Relief sought by the Plaintiff.

Plaintiff seeks actual damages, statutory damages, treble damages, punitive damages, interest, and any other relief allowable by law, in addition to attorney's fees and costs. Plaintiff also seeks an injunction enjoining Defendant from sending further unsolicited text messages and from engaging in the other unlawful conduct alleged in the Complaint.

General Status of the Case.

Defendant filed an Answer to the Complaint on October 8, 2021.

**2.  Pending Motions:**

There are currently no pending motions.

**3. Discovery Schedule and Progress of Discovery:**

The parties timely exchanged initial disclosures on November 5, 2021. On November 19, 2021, the parties served their first set of written discovery requests. On December 20, 2021, the parties served their responses to the written discovery requests. In addition, Plaintiff produced documents on December 20, 2021.

The parties are finalizing the provisions of a proposed protective order, and will be filing a motion for entry of such order next week. Upon entry of the protective order, Defendant will commence production of documents.

The parties have not scheduled any depositions or served any third-party subpoenas at this time.

**4. Status of Settlement Discussions:**

The parties have engaged in preliminary settlement discussions, but Plaintiff needs discovery before he can continue with these discussions. The parties do not request a settlement conference at this time, as it would be premature. The parties are not interested in pursuing arbitration or mediation at this time, as it would be premature.

Respectfully submitted,

By: /s/Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602

3

Tel:  (312) 440-0020
Fax:  (312) 440-4120

*Counsel for the Plaintiff and putative Class*

By: /s/Daniel M. Blouin
    Daniel M. Blouin
    *dblouin@winston.com*
    WINSTON & STRAWN LLP
    35 West Wacker Drive 60601
    Chicago, Illinois 60611
    Tel:  (312) 558-7544
    Fax:  (312) 558-5700

*Counsel for the Defendant*